UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Grygelko, Sr., and Katie Grygelko,<br><br>Plaintiffs,<br><br>v.<br><br>Amerihome Mortgage Company, LLC, et al.,<br><br>Defendants. | Case No. 25-cv-3883 (JMB/DTS)<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Plaintiffs Anthony Grygelko, Sr., and Katie Grygelko sue a mortgage company and others seeking relief from an impending foreclosure sale of their home. Upon referral from United States District Judge Jeffrey Bryan, the Court recommends this case be dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiffs allege they own a house in Blaine, Minnesota. Compl. ¶ 1, Dkt. No. 1. In June 15, 2022, Plaintiffs "executed a mortgage loan originally payable to Bay Equity LLC in the amount of $647,200.00." *Id.* ¶ 6. On December 20, 2023, the mortgage was assigned to Defendant Amerihome Mortgage Company, LLC. *Id.* ¶ 7. Plaintiffs allege no value was paid for this assignment. *Id.* According to Plaintiffs, "[Defendant] Freddie Mac records show Freddie Mac as the true owner of the loan, while Amerihome only acts as servicer." *Id.* ¶ 9. On September 17, 2025, Amerihome, through Defendant Trott Law, P.C., "issued a Notice of Mortgage Foreclosure Sale scheduling a Sheriff's Sale for November 13, 2025." *Id.* ¶ 12.

Plaintiffs filed the four-count Complaint in federal court on October 8, 2025. *See* Compl. Count 1 is a claim for quiet title under Minnesota State § 559.01, *et seq*. Compl. 2. Count 2 is a request for declaratory judgment under 28 U.S.C. § 2201, seeking "a declaration that Defendants lack standing and authority to foreclose, and that the purported mortgage assignments are void." Compl. 2. In Count 3, Plaintiffs allege "Defendants have initiated foreclosure proceedings without proof of ownership of the debt, in violation of UCC Article 2, § 201 and relevant Minnesota foreclosure statutes." Compl. 2. In Count 4, Plaintiffs bring a claim for "Slander of Title." Compl. 3. Plaintiffs request emergency relief in the form of an injunction halting the foreclosure sale scheduled for November 13, 2025. *Id.*

## ANALYSIS

**I.        Legal Standard**

The existence of subject matter jurisdiction is "threshold inquiry at any stage of a lawsuit brought in federal court." *Sorenson v. Sorenson*, 64 F.4th 969, 974 (8th Cir. 2023). A court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A court must dismiss an action if at any time it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971).

Plaintiffs claim jurisdiction exists based on federal question jurisdiction. *See* Compl. 1. Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The question whether a claim arises under federal law must be determined by reference to

2

the well-pleaded complaint." *Great Lakes Gas Transmission Ltd. v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citation modified). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)).

## II.    Federal Cause of Action

Thus, the first question is whether Plaintiffs state a federal cause of action. Count 1 expressly brings a claim for quiet title under Minnesota law. *See* Compl. 2 (citing Minn. Stat. § 559.01). Count II seeks declaratory judgment under 28 U.S.C. § 2201. *Id.* at 2. But "[i]t has long been understood that the federal Declaratory Judgment Act, now codified at 28 U.S.C. § 2201[], is a procedural statute, not a jurisdictional statute." *State of Mo. ex rel. Missouri Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997). Because § 2201 is a procedural statute, "federal subject matter jurisdiction exists in a case seeking declaratory relief under § 2201 only when a 'private right of action underl[ies] [the] declaratory judgment claim.'" *HJR Equip., Inc. v. City of Kansas City*, 603 F. Supp. 3d 696, 702 (W.D. Mo. 2022) (quoting *Heatland Med., LLC v. Express Scripts, LLC*, No. 4:17-CV-02873, 2018 WL 6831164, at *2 (E.D. Mo. Dec. 27, 2018)). In other words, reliance on the federal declaratory judgment act, without more, is insufficient to establish federal question jurisdiction. *See, e.g.*, *Johnson v. Parker Hughes Clinics*, No. 04-cv-4130, 2005 WL 102968, at *2 (D. Minn. Jan. 13, 2005) (concluding that there was no

3

federal question jurisdiction when a plaintiff sought "a declaratory resolution of her rights and obligations under HIPAA").

In Count III, Plaintiffs allege "Defendants have initiated foreclosure proceedings without proof of ownership of the debt, in violation of UCC Article 2, § 201 and relevant **Minnesota** foreclosure statutes." Compl. 2 (emphasis added). In general, Minnesota has adopted the Uniform Commercial Code (UCC). *See* Minn. Stat. Ch. 336. Therefore, an alleged violation of the UCC is no more than an alleged violation of a Minnesota statute. And alleged violations of "Minnesota foreclosure statutes" plainly do not entail a federal cause of action. Slander of Title, brought in Count IV, is a state-law cause of action. *See, e.g.*, *Pint on behalf of Lehigh One, LLC v. Breckner*, No. 08-cv-5340, 2009 WL 10678284, at *2 (D. Minn. Feb. 25, 2009) (outlining the elements for a slander-of-title claim under Minnesota law). In short, a careful examination of the well-pleaded Complaint demonstrates that Plaintiffs do not bring a cause of action under federal law.

### III. Right to Relief Necessarily Depending on the Resolution of a Substantial Federal Question

Although the assertion of a federal cause of action accounts for "the vast bulk of suits that arise under federal law," *Gunn v. Minton*, 568 U.S. 251, 257 (2013), "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues," *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "[A] state-created claim may arise under federal law for purposes of § 1331 'if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Hicks v. New Millennium Bldg. Sys., LLC*, No. 24-CV-164, 2024 WL 4234995, at *2 (D. Minn. Sept. 17, 2024) (quoting *Gunn*, 568 U.S. at 258). Only a

4

"special and small category" of cases satisfy these requirements, such as cases that present "a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699–700 (2006) (citation modified).

Plaintiffs allege "this case raises federal questions including violations of 22 U.S.C. § 611 (Foreign Agents Registration Act) as it relates to disclosure obligations of foreign-controlled entities engaged in debt collection and foreclosure activities." Compl. 1. This conclusory allegation is not enough to identify with particularity the alleged federal issue, let alone why that federal issue is necessary to the resolution of this case. Indeed, the Complaint includes no further reference to 22 U.S.C. § 611. *See generally* Compl. Even assuming Plaintiffs' Complaint necessarily raised a federal issue, there is no reason to believe that federal issue would be substantial. Stated otherwise, it is not readily apparent why alleged violations of 22 U.S.C. § 611 present "a serious federal interest in claiming the advantages inherent in a federal forum," *Grable*, 545 U.S. at 313, rather than presenting a fact-bound and situation-specific dispute appropriate for resolution in state court. *Empire*, 547 U.S. at 701. Based on the allegations of the operative Complaint, Plaintiffs' right to relief does not necessarily depend on a substantial federal issue.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT this action be DISMISSED without prejudice for lack of subject matter jurisdiction.

Dated: October 16, 2025                              　s/ David T. Schultz　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　DAVID T. SCHULTZ
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).