UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Grygelko Sr. and Katie Grygelko, | File No. 25-CV-03883 (JMB/DTS) |
| Plaintiffs, | |
| v. | ORDER |
| Amerihome Mortgage Company, LLC; Federal National Mortgage Association (Fannie Mae); Mortgage Electronic Registration Systems, Inc. (MERS); and Trott Law, P.C., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz, dated October 16, 2025 (Doc. No. 5), recommending the dismissal of Plaintiff Anthony Grygelko Sr. and Katie Grygelko's Complaint (Doc. No. 1 [hereinafter, "Compl."]) for lack of subject matter jurisdiction. Plaintiffs objected to the R&R. (Doc. No. 6.) For the reasons explained below, the Court overrules the objections, adopts the R&R, and dismisses this action without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

1

Plaintiffs own a house in Blaine, Minnesota. (Compl. 1.) Plaintiffs executed a mortgage loan on the home, originally payable to Bay Equity LLC; the mortgage loan was then assigned to Defendant Amerihome Mortgage Company, LLC (Amerihome). (*Id.* at 2.) Plaintiffs contend that the assignment was void for lack of consideration and that Defendant Federal National Mortgage Association (Fannie Mae) is the "true owner" of the loan, while Amerihome is merely the servicer. (*Id.*) Recently, Plaintiffs received a Notice of Mortgage Foreclosure issued on September 17, 2025, through Defendant Trott Law, P.C., on behalf of Amerihome, notifying Plaintiffs that their house would be subject to a foreclosure sale on November 13, 2025. (*Id.*)

Plaintiffs assert the following claims: quiet title under Minn. Stat. § 559.01, et seq. (Count I); a declaratory judgment that "Defendants lack standing and authority to foreclose, and that the purported mortgage assignments are void" (Count II); violation of UCC Article 2, § 201 and "relevant Minnesota foreclosure statutes" (Count III); and slander of title (Count IV). (*Id.* at 2–3.) Plaintiffs also filed a Motion for Temporary Restraining Order seeking to restrain Defendants from conducting the Sheriff's Sale of Plaintiffs' property scheduled for November 13, 2025. (Doc. No. 8.)

## DISCUSSION

The R&R recommends dismissal of this action for lack of subject matter jurisdiction. (Doc. No. 5 at 5.) Plaintiffs timely objected, arguing that there is diversity jurisdiction over the action as well as federal question jurisdiction. (Doc. No. 6 at 1–2.) The Court agrees with the analysis set forth in the R&R and will dismiss this action for lack of jurisdiction.

Courts conduct a de novo review of any portion of an R&R to which a party makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Courts also gives the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Nonetheless, the Court has "an independent obligation to determine whether subject matter jurisdiction exists" and must dismiss an action if the Court lacks subject matter jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); Fed. R. Civ. P. 12(h)(3). Plaintiffs bear the burden to establish jurisdiction. *See, e.g.*, *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

In their objection, Plaintiffs argue that the Court has diversity jurisdiction because three of the Defendants are citizens of states other than Minnesota, while Plaintiffs are citizens of Minnesota. (Doc. No. 6 at 1.) This argument, however, asserts new facts that are not included in the Complaint. As the Magistrate Judge correctly noted, Plaintiffs' Complaint asserted only that jurisdiction exists based on federal question jurisdiction. (Doc. No. 5 at 2; *see also* Compl. 1.) Plaintiffs' Complaint includes no specific allegations about the citizenship of the parties. (*See* Compl. 1–2 & Doc. No. 1-2 at 1.) The factual allegations in the Complaint, therefore, cannot establish diversity jurisdiction. *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (concluding that where jurisdiction is based on diversity of citizenship, a plaintiff's pleadings "must set forth with specificity the citizenship of the parties").

Plaintiffs also object to the R&R's conclusion that the Court lacks federal question jurisdiction over this action. (Doc. No. 6 at 2.) The R&R concluded that Plaintiffs' claims

all arise under state law and that the claims do not implicate significant federal issues. (Doc. No. 5 at 3–5.) The Court agrees.

Plaintiffs argue that "the Complaint implicates substantial federal questions under the Foreign Agents Registration Act, 22 U.S.C. § 611, and federal securitization accounting principles . . . ." (Doc. No. 6 at 2.) The R&R, however, acknowledged the Complaint's reference to the Foreign Agents Registration Act and correctly determined that mere citation to a federal statute in a complaint, without any supporting facts, fails to establish federal question jurisdiction. (Doc. No. 5 at 5.) Given the absence of alleged facts, there is no well-pleaded claim here for a violation of 22 U.S.C. § 611. *See Great Lakes Gas*, 843 F.3d at 329 (requiring courts to assess whether federal jurisdiction exists by reviewing "the well-pleaded complaint"). Nor do the allegations in the Complaint—which at heart concern real property title and mortgage assignments—implicate the "special and small category" of cases that, without asserting a federal cause of action, raise a substantial federal question. *Id.* at 331 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699–700 (2006)). Indeed, it is the "rare state title case that raises a contested matter of federal law," *id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005)), and this action is not that rare case. Finally, Plaintiffs do not explain, and it is not apparent, how accounting principles could give rise to federal question jurisdiction.

Because the Court lacks subject matter jurisdiction over this action, the Court, as a court of limited jurisdiction, must dismiss the Complaint and need not address the Motion for Temporary Restraining Order.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Objections (Doc. No. 6) to the R&R are OVERRULED.

2. The recommendations of the Magistrate Judge in the Report and Recommendation (Doc. No. 5) are ADOPTED.

3. The matter is DISMISSED with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 24, 2025                                    /s/ *Jeffrey M. Bryan*
                                                          Judge Jeffrey M. Bryan
                                                          United States District Court